Mr. Chief Justice Marshall
delivered the o'pi-niori of the Court.
Upon this casé two questions arise :
. 1. Ought the Circuit Court to have granted leave to the plaintiff to extend the term laid in his declaration ?
2. Does a writ of error lie to the refusal to gránt this amendment ?
* It has been truly said in argument, by the counsel for the plaintiff in. error, that the power of amendment is extended at least as far in the 32d *578 section of the judiciary.act, as in any of the British statutes; and that there is no species of action to which the discretion of the Court in this respect ought to be more liberally applied than to the action of ejectment. The proceedings are. all fictitious, fabricated for the mere purposes of justice, and there is every reason for allowing amendments in matters of mere form. There is peculiar reason in this case, where the cause has been protracted, and the plaintiff kept out of possession beyond the term laid in the declaration, by the excessive delays practised by the opposite party. The cases cited by the plaintiff’s counsel in argument are, we think, full authority for the amendment which was asked in the Circuit Court, and we think the motion ought to have prevailed. But the course of this Court has not been in favour of the idea that a writ of error will lie to the opinion of a Circuit Court, granting or refusing a motion like this. No judgment in the cause is brought up by the writ, but merely a decision on a collateral motion, which may be renewed. For this reason, the writ" of error must be dismissed.